**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALTIUS WILLIX,

    Plaintiff,

v.                                                  CASE NO. 8:19-cv-866-T-26JSS

UNITED STATES OF AMERICA,

    Defendantt.
_____/

**ORDER**

Plaintiff, proceeding *pro se*, has filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255, together with a supporting Memorandum of Law. The Court has undertaken a prompt preliminary review of the motion and memorandum, as well as the record of Plaintiff's underlying criminal proceedings,[1] as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the motion is due to be summarily dismissed without the necessity of an evidentiary hearing or a response from Defendant because it plainly appears from the face of the motion and the underlying criminal case that Plaintiff is not entitled to relief based on the concurrent sentence doctrine. See generally United States v. Bradley, 644 F.3d 1213, 1293 (11th Cir. 2011) (explaining that under the concurrent sentence doctrine if a defendant has concurrent sentences on multiple counts of conviction and one count is found to be

---

[1] See case number 8:16-cr-211.

invalid, an appellate court need not consider the validity of the other counts unless defendant will suffer adverse collateral consequences from the unreviewed conviction) (citing and quoting United States v. Fuentes-Jimenez, 750 F.2d 1495, 1497 (11th Cir. 1985)).

Plaintiff was charged and convicted of the following four criminal offenses: 1) counts one and two - forcibly assaulting a federal officer inflicting bodily injury; 2) count three - conspiracy to possess with intent to distribute 500 grams or more of methamphetamine; and 3) count four - attempting to possess with intent to distribute 500 grams or more of methamphetamine.[2] He was sentenced to 240 months with regard to counts one and two and life imprisonment with regard to counts three and four, all of those sentences to run concurrently.[3] Plaintiff's convictions and sentences were affirmed on direct appeal by the Eleventh Circuit Court of Appeals.[4]

Plaintiff now seeks collateral relief under the auspices of § 2255 by raising claims of ineffective assistance of counsel by both trial and appellate counsel.[5] A close reading of his motion, as amplified by his supporting memorandum and the record, reflects that his grounds for relief all relate to his convictions and sentences for forcibly assaulting a federal officer

---

[2] See id., dockets 43 (superseding indictment) and 91 (verdict form).

[3] See id., docket 103 (Judgment in a Criminal Case).

[4] See id., docket 128 (reported at United States v. Willix, 723 F. App'x 908 (11th Cir. 2018) (unpublished)).

[5] With regard to the first ground for relief - trial counsel was ineffective for failing to seek dismissal of count two as multiplicitous since counts one and two occurred simultaneously - that claim is utterly without merit. Assuming counsel was ineffective as alleged, Plaintiff has suffered no prejudice. The law of the Eleventh Circuit is crystal clear: any error in imposing a sentence as a result of multiplicitous counts is rendered harmless where the arguably multiplicitous counts resulted in concurrent sentences. See United States v. Pacchioli, 718 F. 3d 1294, 1308 (11th Cir. 2013). As noted above, Plaintiff received concurrent sentences as to counts one and two.

inflicting bodily injury.[6] None of Plaintiff's claims seek to undermine his convictions and life sentences for the drug offenses.[7] Consequently, because Plaintiff has only challenged his convictions and sentences for forcibly assaulting a federal officer inflicting bodily injury for which he was sentenced concurrently with the methamphetamine offenses, the Court will invoke the concurrent sentence doctrine and decline to address the merits of his motion to vacate. See Streator v. United States, 431 F.2d 567, 568 (5th Cir. 1970) (affirming denial of § 2255 motion to vacate under concurrent sentence doctrine where defendant only challenged one judgment of conviction for which he received a concurrent sentence with other unchallenged convictions);[8] accord In re: Williams, 826 F.3d 1351, 1356-57 (citing Streator). Furthermore, the Court can perceive of no adverse collateral consequences Plaintiff will

---

[6] Although the Court is skeptical of Plaintiff's claim that he was not present in the courtroom when the Court discussed with counsel and the jury a note from the jury, it is clear from the record that the note related to the charges involving forcibly assaulting a federal officer inflicting bodily injury. See docket 123, pages 86-89. Furthermore, even accepting as true his sworn declaration that he was not present, Plaintiff's alleged absence was harmless error such that he has failed to demonstrate prejudice. See Jones v. United States, 299 F.2d 661, 662 (10th Cir. 1962) (rejecting claim that defendant entitled to new trial based on fact that record did not affirmatively show he was present in court but counsel was when court answered inquiry from juror relating to jury instruction by stating "[c]ounsel was present at all stages and had full opportunity to object to any irregularity. The juror's inquiry related to a question of law, not fact, and was adequately covered by the court's instructions given earlier in the appellant's presence. Appellant's presence would have been no aid to his defense and it is apparent he suffered no prejudice."); see also United States v. Bokine, 523 F.2d 767, 770 (5th Cir. 1975) and Estes v. United States, 335 F.2d 609, 618 (5th Cir. 1964) (both cases quoting exact same language from Jones).

[7] Obviously, Plaintiff realizes that challenging his methamphetamine convictions and sentences would be a losing proposition in as much as the record indisputably reflects that immediately following his arrest he cooperated with federal law enforcement and fully acknowledged his complicity in a methamphetamine drug trafficking conspiracy. See docket 121, pages 139-215 (trial testimony of DEA Agent Fletcher); see also docket 57, pages 77-108 (Plaintiff's testimony at motion to suppress hearing).

[8] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (5th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

suffer by the Court declining to reach the merits of his claims for relief related solely to his convictions for forcibly assaulting a federal officer inflicting bodily injury in light of his concurrent sentences of life imprisonment for the methamphetamine convictions.

Accordingly, it is ordered and adjudged that Plaintiff's Motion to Vacate (Dkt. 1) is dismissed.  The Clerk is directed to enter judgment for Defendant and to close this case. Additionally, the Court declines to issue a certificate of appealability because Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Nor will the Court authorize Plaintiff to proceed *in forma pauperis* on appeal because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3). Instead, Plaintiff will be required to pay the full amount of the appellate filing fee.  See § 1915(b).

**DONE AND ORDERED** at Tampa, Florida, on April 19, 2019.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
and *Pro Se* Plaintiff